IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-23543-KING

ROSA GARCIA,

    Plaintiff,

v.

SCHINDLER ELEVATOR CORPORATION,
a Delaware Corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon the Defendant's Motion for Summary Judgment (DE #24), filed August 5, 2011. The Court is fully briefed on the matter.[1]

### I. BACKGROUND

This is a breach of contract claim. Plaintiff Rosa Garcia ("Garcia"), acting under an assignment of rights by non-party Miami-Dade County ("MDC"), seeks to recover payment of a consent judgment from Defendant Schindler Elevator Corporation ("Schindler") pursuant to an indemnification agreement contained within a service and maintenance contract executed by Schindler and non-party MDC. The following facts are undisputed. (Defendant's Statement of Material Facts, DE #28; Plaintiff's Response to Defendant's Statement of Material Facts, DE #30).

On December 10, 2007, Garcia was allegedly injured while riding on an escalator at Miami International Airport. MDC owns and operates the escalator, and MDC contracted with Schindler

---

[1] The Plaintiff filed a Response to Defendant's Motion for Summary Judgment on August 22, 2011. (DE #26). The Defendant filed a Reply on September 1, 2011. (DE #29).

for maintenance of the escalator. As part of the maintenance contract, Schindler agreed to indemnify MDC for any claims that arise from, relate to, or result from Schindler's failure to perform service or maintenance under the terms of the contract. (Contract Section 1.19, DE #29-1, at 5).

On May 13, 2009, Garcia filed a Negligence Complaint against MDC in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. (DE #24-1). Garcia did not sue or name Schindler as a defendant in the initial Negligence Complaint. (DE #24-1). On June 16, 2009, Garcia filed her First Amended Negligence Complaint. (DE #24-2). Again, Garcia did not sue or name Schindler as a defendant. (DE #24-2). Garcia did not allege any negligence on behalf of Schindler in either negligence complaint. (DE #24-2). That same day, Thomas Robertson, Assistant County Attorney for Miami-Dade County, sent a letter to Schindler demanding that Schindler take over the defense of the negligence action pursuant to the indemnification clause in the maintenance contract. (DE #24-3).

Ten days later, a claim's representative for Schindler's general liability insurer sent a letter to Robertson at the County Attorney's Office acknowledging receipt of the defense demand letter. (DE #24-4). That letter instructed the County Attorney's Office to send all future correspondence regarding the negligence action to Schindler's general liability insurer so that Schindler and its general liability insurer could evaluate the negligence claim. The letter also contained precautionary language warning MDC "not [to] assume that a defense and indemnity will be provided or that Schindler will answer the complaint on behalf of the premise." (DE #24-4).

Almost a month later, on July 23, 2009, Robertson sent a letter to Schindler's general liability insurer that stated the following:

We have previously demanded a defense in this matter from Schindler and received

for maintenance of the escalator. As part of the maintenance contract, Schindler agreed to indemnify MDC for any claims that arise from, relate to, or result from Schindler's failure to perform service or maintenance under the terms of the contract. (Contract Section 1.19, DE #29-1, at 5).

On May 13, 2009, Garcia filed a Negligence Complaint against MDC in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. (DE #24-1). Garcia did not sue or name Schindler as a defendant in the initial Negligence Complaint. (DE #24-1). On June 16, 2009, Garcia filed her First Amended Negligence Complaint. (DE #24-2). Again, Garcia did not sue or name Schindler as a defendant. (DE #24-2). Garcia did not allege any negligence on behalf of Schindler in either negligence complaint. (DE #24-2). That same day, Thomas Robertson, Assistant County Attorney for Miami-Dade County, sent a letter to Schindler demanding that Schindler take over the defense of the negligence action pursuant to the indemnification clause in the maintenance contract. (DE #24-3).

Ten days later, a claim's representative for Schindler's general liability insurer sent a letter to Robertson at the County Attorney's Office acknowledging receipt of the defense demand letter. (DE #24-4). That letter instructed the County Attorney's Office to send all future correspondence regarding the negligence action to Schindler's general liability insurer so that Schindler and its general liability insurer could evaluate the negligence claim. The letter also contained precautionary language warning MDC "not [to] assume that a defense and indemnity will be provided or that Schindler will answer the complaint on behalf of the premise." (DE #24-4).

Almost a month later, on July 23, 2009, Robertson sent a letter to Schindler's general liability insurer that stated the following:

> We have previously demanded a defense in this matter from Schindler and received

> a response from you. To date, no defense has been provided. Please be advised that unless the defense in this matter is accepted within 20 days, we will begin negotiations with the Plaintiff to have a judgment entered against Miami-Dade County with execution limited to the contractual obligations of Schindler. This type of resolution will seriously prejudice Schindler's ability to defend this action.

(DE #24-5).

Before the twenty-day deadline, on August 4, 2009, counsel for Schindler sent a letter to Robertson at the County Attorney's Office that requested certain documents pertaining to the negligence action:

> Since your [June 16, 2009] letter constitutes the first notice to Schindler, before we can evaluate Schindler's obligations to indemnify Miami-Dade County and take over their defense, would you kindly provide undersigned with all documents related to this incident including but not limited to an incident report, an inspection report conducted on behalf of Miami-Dade County and any and all pertinent documents including a copy of the Complaint.
>
> Thank you in advance for your assistance in providing us with the requested documents so that we may be in a position to advise Schindler Elevator Corporation.

(DE #24-6).

It is undisputed that the County Attorney's Office received both response letters sent on behalf of Schindler. (Deposition of Assistant County Attorney Thomas Robertson, DE #24-7, at 8–9, 25–26). It is also undisputed that neither Robertson or anyone at the County Attorney's Office ever responded to the request for documents. The County Attorney's Office never provided Schindler, Schindler's counsel, nor Schindler's general liability insurer with Garcia's negligence complaint, the inspection reports, or any other documents relevant to Garcia's negligence claim against MDC. (Deposition of County Attorney Thomas Robertson, DE #24-7, at 22).

Less than one month after Schindler's counsel's request for documents, the circuit court entered a final consent judgment against MDC, awarding Garcia a sum of $95,400. There is no

evidence on the record that indicates that MDC ever notified Schindler of or invited Schindler to participate in the settlement negotiations that went on between MDC and Garcia prior to the entry of the final consent judgment.

According to Garcia's breach of contract Complaint in the above-styled action, MDC stipulated to its own liability in the underlying negligence action.[2] (DE #1-2, ¶ 14). MDC then "assigned and transferred to Garcia all of its rights, actions, causes of actions, choses [sic] in action, and remedies that it has or had against Schindler Elevator." (DE #1-2, ¶ 16). In the above-styled action, Garcia, acting as an assignee of MDC, is suing Schindler for breach of the indemnification clause of the service and maintenance contract. Discovery closed on August 3, 2011. On August 5, 2011, Schindler moved for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[2] The Complaint alleges that MDC stipulated to its liability and then assigned its rights to Garcia. (DE #1-2, ¶¶ 14 & 16). Although the Complaint states that the assignment agreement is attached as an exhibit, (DE #1-2, ¶ 16), it is not and appears nowhere else in the record. In Plaintiff's Response to Schindler Elevator Corporation's Statement of Material Facts, Garcia concedes the absence of the assignment agreement in the record. (DE #30, ¶8). Nevertheless, in light of Schindler's assent to the presumption that there is a valid assignment of rights between MDC and the Plaintiff (DE #28, ¶ 8), the Court will proceed under that presumption in favor of the Plaintiff for the purpose of this motion for summary judgment.

4

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. ANALYSIS

Plaintiff Garcia, acting pursuant to the rights assigned to her by MDC, seeks to recover for Defendant Schindler's alleged breach of the service and maintenance contract between MDC and Schindler. Garcia alleges only two grounds for the breach—that Schindler breached its service and maintenance contract with MDC by "[failing] to defend the Garcia Action and failing to provide indemnity for the settlement of Garcia's claims." (Compl., DE #1-2, ¶17). In the Motion for

Summary Judgment, Schindler argues that the undisputed facts show that Schindler never refused to defend the underlying action. Further, the indemnification agreement extends only to claims that result from Schindler's failure to perform under the service agreement. Nowhere in either of Garcia's negligence complaints against MDC or in the present breach of contract complaint does Garcia allege that Schindler was negligent or failed to perform service or maintenance of the escalator. Accordingly, the Court finds it must grant the motion for summary judgment in favor of Defendant Schindler Elevator Corporation.

### a. Duty to Defend

Garcia argues that the issue of whether Schindler wrongfully refused to defend is a disputed material fact. (DE #26, at 12). The Court disagrees. Given the undisputed facts on the record, the Court finds that no jury could reasonably infer that Schindler had refused to defend MDC in the underlying negligence action.[3]

On July 16, 2009, MDC sent a defense demand letter to Schindler. This letter did not provide Schindler with the negligence complaint or any other relevant documents. Schindler's general liability insurer responded by letter to the defense demand. The response letter acknowledged receipt of MDC's initial defense demand and instructed MDC to send all future correspondence about the negligence claim to the general liability insurer. The letter also stated that MDC should "not assume that a defense and indemnity will be provided or that Schindler will answer the complaint on behalf of the premise." (DE #24-4). Garcia argues that this lone sentence constitutes "unequivocal

---

[3]The issue to be decided on this motion for summary judgment is whether Schindler wrongfully refused to defend and not whether Schindler actually had a duty to defend. Therefore, the Court makes no finding as to whether, upon review of the underlying negligence complaint, Schindler would have had a duty to defend MDC under the indemnification agreement.

language" and "very clear advice" that Schindler was refusing to defend MDC. (DE #26, at 6 n.2). Yet, it is undisputed that at the time Schindler's general liability insurer sent this response, MDC had yet to provide Schindler with a copy of the negligence complaint or any other relevant documents. (Deposition of Assistant County Attorney Thomas Robertson, DE #24-7, at 19, 22).

About a month later, on July 23, 2009, the County Attorney sent a follow-up letter to Schindler's general liability insurer regarding MDC's demand for defense. It is uncontested that by this time, MDC still had not provided Schindler with the negligence complaint or any other relevant documents. It is further uncontested that upon receipt of MDC's July 23d defense demand and communication of the twenty-day deadline to accept, Schindler's counsel sent a letter to the County Attorney's Office explicitly requesting various relevant documents from MDC, including Garcia's negligence complaint. Schindler's counsel even included in the request letter that it needed these documents "so that we may be in a position to advise Schindler Elevator Corporation." (DE #24-6).

The Court finds this was a reasonable request on behalf of Schindler's counsel for documents essential to the determination of whether Schindler had a duty in the first place to defend MDC in the underlying negligence case. It is well-settled that a review of the complaint filed against the insured is essential to a determination of whether an insurer's duty to defend has been triggered. *See Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen.*, 980 F.2d 1402, 1405 (11th Cir. 1993) ("The duty to defend is determined by examining the allegations in the complaint filed against the insured."); *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533, 536 (Fla. 1977) ("The allegations of the complaint govern the duty of the insurer to defend."). Yet, MDC never provided Schindler with the negligence complaint or any documents whatsoever. Instead, MDC proceeded to settlement negotiations without Schindler. Based on these uncontested facts, the Court finds that

Schindler did not wrongfully refuse to defend MDC in the underlying negligence action.

### b. Duty to Indemnify

Garcia alleges that Schindler has breached its contract with MDC by refusing to indemnify Garcia, as MDC's assignee, by paying the $95,400 consent judgment. Garcia argues that Schindler has breached the plain language of the indemnification clause, as well as that Schindler should be bound to the consent judgment by a *Coblentz* agreement.

### i. The Contract

Pursuant to the service and maintenance contract, Schindler's duty to indemnify is limited to claims that arise from, relate to, or result from its failure to perform service or maintenance under the terms of the contract. (Contract Section 1.19, DE #29-1, at 5). Yet, no where in the underlying negligence action or in the present breach of contract action does Garcia allege that Schindler failed to service or maintain the escalator in breach of the contract. In addition, there is no evidence on the record to support any reasonable inference that Schindler was somehow responsible for the incident that gave rise to Garcia's underlying negligence claim. Therefore, the Court finds as matter of law that absent any allegations and evidence of Schindler's failure to service or maintain the escalator, Schnidler has no duty to indemnify MDC or Garcia, as MDC's assignee, under the plain language of the service and maintenance contract.

### ii. *Coblentz* Agreement

Garcia also argues in her Response to Schindler's Motion for Summary Judgment, (DE #26), that Schindler should be liable for the consent judgment under a *Coblentz* agreement. A *Coblentz* Agreement binds an insurer to "a settlement agreement/consent judgment negotiated between its insured and a claimant where (1) the damages are covered by the policy; (2) the insurer wrongfully

8

refuses to defend; and (3) the settlement is reasonable and made in good faith." *U.S. Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So.2d 686, 690–91 (Fla. Dist. Ct. App. 2006).

The Parties put considerable effort into arguing the first element of a *Coblentz* agreement. Specifically, whether the Defendant, who is not in the business of providing general liability insurance, may be bound by a *Coblentz* agreement. The Court reiterates that Garcia has not alleged or provided any evidence as to whether her injuries were the result of Schindler's failure to service or maintain the escalator in order to bring the claim within coverage of the indemnification clause. At this time, however, the Court finds it unnecessary to weigh in on the general liability insurer debate any further because it finds the second element—the insurer's wrongful refusal to defend—to be dispositive of the *Coblentz* issue.

As previously discussed, the Court finds that based on the undisputed facts, the Defendant did not wrongfully refuse to defend MDC in the underlying negligence action. Upon receipt of the defense demand, Schindler's counsel requested various relevant documents from MDC, including Garcia's negligence complaint. MDC never provided Schindler with these documents, and instead proceeded to settlement negotiations without Schindler. As a result, Schindler never had the opportunity to evaluate whether the underlying negligence claim came within the indemnification clause to trigger Schindler's duty to defend. Given these undisputed facts, the Court finds that Schindler did not wrongfully refuse to defend MDC because MDC did not provide Schindler with any materials relevant to Schindler's possible duty to defend prior to the settlement negotiations. As the insurer's refusal to defend is a necessary element of an enforceable *Coblentz* agreement, the Court finds as a matter of law that there is no evidence on the record to establish the creation of a valid and enforceable *Coblentz* agreement.

## IV. CONCLUSION

The Court finds that based on the undisputed facts on the record Defendant Schindler did not wrongfully refuse to defend MDC in the underlying negligence action. Therefore, Defendant Schindler, as a matter of law, is not liable to Plaintiff Garcia, as an assignee of MDC, for breach of the service and maintenance contract for failure to defend or failure to indemnify.

Accordingly, upon a careful review of the record and for the foregoing reasons, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant's Motion for Summary Judgment **(DE #24)** be, and the same is hereby, **GRANTED.**

2. The above-styled action is **DISMISSED with prejudice.**

3. The Clerk is directed to **CLOSE** this case.

4. All pending Motions are **DENIED as moot.**

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 30th day of September, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiff*

**Lawrence Joseph McGuinness**
1627 SW 37th Ave
Suite 100
Miami, FL 33145
305-448-557
Fax: 305-448-9559

Email: ljmpalaw@netzero.com

**Roberto Villasante**
4000 Ponce de Leon Blvd.
Suite 470
Coral Gables, FL 33146
305-373-6548
Email: rvillasante@villasantelaw.com

<u>*Counsel for Defendant*</u>

**Brooke Lisa Ehrlich**
Rumberger Kirk & Caldwell
Brickell Bayview Centre
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047
305 358 5577
Fax: 305 371 7580
Email: behrlich@rumberger.com

**Suzanne Ashelle Singer**
Rumberger Kirk & Caldwell
Brickell Bayview Centre
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047
305-995-5428
Fax: 371-7580
Email: ssinger@rumberger.com

**Myron Shapiro**
Rumberger, Kirk & Caldwell, P.A.
Brickell Bay View Centre
80 SW 8th Street
Suite 3000
Miami, FL 33130
305-358-5577
Fax: 305-371-7580
Email: mshapiro@rumberger.com